UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 522 PENSION FUND;
and TRUSTEES OF THE LOCAL 522 WELFARE
FUND OF NEW YORK & NEW JERSEY,

          Plaintiffs,

                        ORDER ADOPTING
                    REPORT AND RECOMMENDATION
     - against -                16-CV-5286 (RRM) (JO)

BAYWAY LUMBER & HOME CENTER,

          Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      By motion filed November 23, 2016, plaintiffs Trustees of the Local 522 Pension Fund and Trustees of the Local 522 Welfare Fund of New York and New Jersey (collectively, the "Trustees") moved for default judgment against defendant Bayway Lumber and Home Center ("Bayway"). (Mot. Default J. (Doc. No. 10).) By Order entered January 26, 2017, this Court referred that motion to Magistrate Judge James Orenstein for a Report and Recommendation. On March 22, 2017, Judge Orenstein held a hearing in connection with the Trustees' motion, at which only counsel for the Trustees appeared. (*See* 3/22/17 Min. Entry (Doc. No. 16).) Pursuant to Judge Orenstein's request at the hearing, the Trustees filed supplemental submissions, including another memorandum of law and affidavits with supporting exhibits. (*See* Suppl. Mot. Default J. (Doc. No. 18).)

      On July 25, 2017, Judge Orenstein issued a Report and Recommendation (the "R&R") recommending that the Trustees' motion for default judgment be granted, and awarding certain damages. (*See* R&R (Doc. No. 20).) On August, 11, 2017, the Trustees filed timely objections

to the R&R, stating that Magistrate Judge Orenstein erred in reducing the billable hours by thirty percent.  (*See* Obj. (Doc. No. 22)).)

The Court has reviewed *de novo* Magistrate Judge Orenstein's thorough and well-reasoned R&R, as well as the Trustees' objections, and adopts the R&R in its entirety.

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, the district court "shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  However, if a party "simply reiterates [its] original arguments, the Court reviews the Report and Recommendation only for clear error." *Libbey v. Vill. Of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (internal quotation marks and citation omitted).  Moreover, portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011).  The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed.  *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

## DISCUSSION

The Court assumes familiarity with the facts, procedural history, and background of this matter as set forth in the R&R, none of which is in dispute. (*See* R&R at 1–3.)[1] The Trustees' objection rests solely on Judge Orenstein's calculation of their request for attorney fees. Specifically, the Trustees contend that Judge Orenstein erroneously reduced their billable hours by thirty percent. (Obj. at 1–2.)

In their supplemental briefing to the motion for default judgment, the Trustees seek reimbursement for a total of 31 billed hours of work. (Bruno Aff. (Doc. No. 15-2) at ¶¶ 27, 30–31.) When they initially filed the default motion, the Trustees sought reimbursement for only 12.5 hours of attorney work. (Ex. F (Doc. No. 10-8).) In the R&R, Judge Orenstein found that the Trustees offered "no explanation for the additional 18.5 hours . . . and their supplemental submissions do not justify the significant increase." (R&R at 12.) The Trustees argue that the additional 18.5 hours of work were due to the additional work required to answer Judge Orenstein's questions after the hearing for the inquest on damages. The Trustees contend that they provided the court with billing slips to explain and justify the additional 18.5 hours of work. (*See* Obj. at 1–2; Ex. L (Doc. No. 15-14).)

Notwithstanding the fact that the Trustees provided billing slips to explain the additional 18.5 hours of work, Judge Orenstein properly assessed the reasonableness of the 31 total billed hours of work. Courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). "A

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

3

fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *Trs. of Local 813 Pension Tr. Fund v. Highbuilt Contracting Corp.*, No. 14-CV-2099 (NGG) (JO), 2015 WL 1529677, at *7 (E.D.N.Y. Mar. 31, 2015).

As Judge Orenstein properly noted, 31 hours of work greatly exceeds the hours typically approved in comparable ERISA default cases. (R&R at 12–13); *see, e.g.*, *Highbuilt*, 2015 WL 1529677, at *8 (finding 35.25 hours excessive for ERISA default action); *Trs. of Local 522 Pension Fund v. Triboro Bar & Rest. Supply Co. Inc.*, No. 12-CV-163 (KAM) (LB), 2014 WL 198327, at *2 (E.D.N.Y. Jan. 14, 2014) (approving 16.25 hours as reasonable); *Gesualdi v. Toretta Trucking, Inc.*, No. 10-CV-1249 (ARR) (MDG), 2012 WL 1102803, at *9 (E.D.N.Y. Mar. 12, 2012) (collecting ERISA default judgment cases approving reasonable hours in the range of 17.7 to 25.05 hours). Additionally, Judge Orenstein noted that the billing records reflect two other reasons to reduce the claimed fee: (1) the use of billing increments of fifteen minutes rather than six minutes, and (2) the use of attorneys to bill for work normally handled by members of the support staff. (R&R at 12–13); *see Top Banana, LLC v. Dom's Wholesale & Retail Ctr., Inc.*, No. 04-CV-2666 (GBD) (AJP), 2008 WL 4925020, at *2 (S.D.N.Y. Nov. 10, 2008) (reducing claimed fee by five percent where counsel billed for performing paralegal-type work); *La Barbera v. Pass 1234 Trucking, Inc.*, No. 04-CV-1364 (SJ) (MDG), 2007 WL 2908175, at *7–8 (E.D.N.Y. Sept. 28, 2007) (reducing claimed fee by 15 percent in part because attorney used 15-minute increments). In their objections, the Trustees do not point to any law that suggests Judge Orenstein erred in reducing the billable work hours because they greatly exceed the hours typically approved in comparable ERISA default cases. Thus, after *de novo*

4

review, the Court adopts in full the reasoning and conclusions of Magistrate Judge Orenstein regarding the reduction of the Trustees' 31 total billable hours by thirty percent.

## CONCLUSION

After *de novo* review of Magistrate Judge Orenstein's thorough and well-reasoned R&R, the factual and procedural record upon which it is based, and the Trustees' objections, the R&R (Doc. No. 20) is adopted in its entirety.

Accordingly, it is hereby ordered that default judgment be entered in favor of the Trustees and against Bayway in the total amount of $88,192.87 representing (1) $37,738.58 in unpaid contributions to the Welfare Fund; (2) $21,000 in unpaid contributions to the Pension Fund; (3) $11,116.91 in interest on the unpaid contributions; (4) $11,116.91 in liquidated damages; (5) $6,606.25 in attorney's fees; and (5) $614.22 in costs.

The Clerk of Court is respectfully directed to enter judgment consistent with this Order, and close this case. Plaintiffs are ordered to mail forthwith a copy of this Order and the accompanying judgment to Bayway Lumber and Home Center, and file a letter with the Court indicating that they have complied no later than September 25, 2017.

SO ORDERED.

Dated: Brooklyn, New York  
      September 14, 2017

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge